**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:10CR089** |
| | § | |
| **RICKY LYNN FORE** | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 2, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Joseph Brown.

On September 7, 2012, Defendant was sentenced by the Honorable Thad Heartfield, United States District Judge, to a sentence of sixty (60) months imprisonment followed by a three (3) year term of supervised release for the violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), Felon in Possession of a Firearm.

On February 11, 2019, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 42). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (3) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction

1

of U.S. Probation office, until such time as the defendant is released from the program by the probation officer. *See* Dkt. 42.

The Petition asserts Defendant violated these conditions because: (1) During a home visit on June 22, 2018, Defendant submitted a urine sample which tested positive for methamphetamine. He subsequently admitted to using methamphetamine and signed an admission form stating such; (2) During an office visit on July 25, 2018, Defendant submitted a urine sample which tested positive for methamphetamine. He subsequently admitted to using methamphetamine and signed an admission form stating such; (3) During a home visit on October 1, 2018, Defendant submitted a urine sample which tested positive for methamphetamine. Prior to submitting the sample, Defendant admitted to using methamphetamine on multiple occasions; (4) On July 25, 2018, Defendant was instructed to begin attending outpatient substance abuse treatment sessions at Texoma Counseling Associates. Defendant failed to attend scheduled substance abuse treatment sessions at Texoma Counseling Associates on the following dates: August 3 and 31, September 4, October 12 and 19, 2018; (5) On October 19, 2018, Defendant was unsuccessfully discharged from substance abuse treatment at Texoma Counseling Associates due to multiple missed appointments; (6) On January 11, 2019, Defendant was instructed to provide a urine specimen during a home visit. After the officer waited for approximately an hour, Defendant did not provide a specimen for testing, resulting in a failure to submit a specimen as directed; and (7) On April 14, 2019, Defendant was instructed to call the U.S. Probation Office's random drug testing line everyday for instructions on when to submit a random drug test. On January 31, 2019, Defendant called the testing line and was instructed to submit a urine specimen for testing; however, he failed to report to the designated collection site and submit a urine specimen as instructed.

At the hearing on October 3, 2019, Defendant entered a plea of true to violation of allegations one through three (1–3). Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## <u>RECOMMENDATION</u>

Pursuant to the Sentencing Reform Act of 1984, having considered the arguments presented at the October 3, 2019 hearing and for the reasons stated on the record, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with no supervised release to follow. In addition, the Court recommends that Defendant receive any drug and mental health treatment that can be provided while Defendant is in custody. The Court further recommends Defendant be placed in the custody of FCI Fort Worth, if appropriate.

**So ORDERED and SIGNED this 3rd day of October, 2019.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE